United States District Court
for the
Southern District of Florida

| Martha Gutierrez, and others, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-21098-Civ-Scola |
| | ) | |
| Takeda Pharmaceuticals America, | ) | |
| Inc., and others, Defendants. | | |

## **Order Striking Complaint**

This matter is before the Court on an independent review of the record. The Plaintiff filed this case on March 21, 2019, asserting five causes of action against five defendants based on Plaintiff-decedent Nelson Gutierrez-Orozco's alleged use of the drug "Actos." Each cause of action begins by "repeat[ing], reiterate[ing] and realleg[ing] each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive." (ECF No. 1 at ¶¶ 61, 66, 70, 81, 91.) The Plaintiff also indiscriminately lumps together all five defendants and asserts all five claims against all them collectively without any allegations differentiating the independent actions or liabilities of each.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

One type of shotgun pleading is where "a complaint contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). The Complaint snuggly fits this standard. (ECF No. 1 at ¶¶ 61, 66, 70, 81, 91.)

Another form of shotgun pleading is where a plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim

is brought against." *Id.* at 1323. Plaintiff's collective and indiscriminate pleading style also satisfies this standard.

The Complaint is therefore stricken. *Jackson*, 898 F.3d at 1357-58. In any amended pleading, the Plaintiff: (1) shall not reincorporate all preceding allegations into each count; (2) shall not indiscriminately lump all defendants together as one; and (3) shall specify as to each individual defendant, for each count asserted against it, the acts taken that support liability as to that defendant. Failure to comply with any of the above will result in the dismissal of this case with prejudice. *Vibe Micro*, 878 F.3d at 1296 ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.").

Further, in any amended pleading the Plaintiff shall identify and establish with supporting factual allegations, the basis for federal jurisdiction in this case.[1]

In sum, the Court **strikes** the Complaint (**ECF No. 1**) as a shotgun pleading. Any amended complaint is due by March 28, 2019. If the Plaintiff files a repleader suffering from the same deficiencies, the Court will dismiss the complaint with prejudice and without further notice on shotgun pleading grounds. If the Plaintiff fails to file an amended complaint by that date or fails to adequately allege the existence of federal jurisdiction, the Court will dismiss the case without prejudice and without further notice.

**Done and ordered**, in chambers, at Miami, Florida on March 22, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] The defendant may also find it prudent to amend his form complaint to allege a basis for asserting personal jurisdiction over foreign defendants in **Florida**. (*See* ECF No. 1 at ¶¶ 8, 11-13.)